**CUONG LE QUOC NGUYEN,**
**Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney**
**General, Respondent.**

No. 15-73189

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2018 *
Portland, Oregon

Filed March 15, 2018

Amanda Ellen Gray, Parker, Butte &
Lane, P.C., Portland, OR, for Petitioner

Kurt Barrett Larson, Senior Litigation
Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration
Litigation, Washington, DC, Chief Counsel
ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: N.R. SMITH, CHRISTEN, and
HURWITZ, Circuit Judges.

MEMORANDUM **

Cuong Le Quoc Nguyen, a native and
citizen of Vietnam, petitions for review of
an order of the Board of Immigration Appeals ("BIA") denying his timely motion to
reopen. We have jurisdiction pursuant to 8
U.S.C. § 1252. We review the denial of a
motion to reopen for abuse of discretion.
*Iturribarria v. INS*, 321 F.3d 889, 894 (9th
Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in
determining that Nguyen failed to provide
sufficient evidence to establish a prima
facie case that he will be persecuted if he
returns to Vietnam. *See* 8 C.F.R.
§ 1003.2(c)(3)(ii); *see also · Tadevosyan v.*
*Holder*, 743 F.3d 1250, 1252-53 (9th Cir.
2014) ("The BIA abuses its discretion
when it acts arbitrarily, irrationally, or
contrary to the law." (quotation marks and
citation omitted) ). First, Nguyen failed to
present evidence of anti-government activities (aside from donations to an affiliated
charitable organization) with the Viet Tan
that would trigger the interest of the Vietnamese government beyond that which he
addressed in his initial application. Second,
the possibility of detention and interrogation alone does not rise to the level of
persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003).
Although Nguyen evidenced a subjective
fear of persecution, he failed to establish
an objective fear of persecution by showing that the possibility of detention and
interrogation would rise to the level of
persecution. *See Zhou v. Gonzales*, 437
F.3d 860, 867-68 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.